IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00237-REB-PAC

JEFF PATRICK,

    Plaintiff,

v.

JACK DEAL, and
ALPHA-OMEGA ENTERPRISES,

    Defendants.

## ORDER GRANTING AMENDMENT OF COMPLAINT

Patricia A. Coan, United States Magistrate Judge

    This is a breach of contract action arising under the court's diversity jurisdiction, 28 U.S.C. §1332.  The case has been referred to the undersigned for pretrial management. The matter before the court at this time is Plaintiff Jeff Patrick's Motion for Leave to Amend Complaint, and for Acceptance of Contemporaneously-Filed Amended Complaint, filed September 1, 2006.  Plaintiff seeks leave of court to amend his complaint to assert a claim for relief based on quantum meruit (unjust enrichment).[1]

    The deadline for amendment of pleadings in the May 24, 2006 Scheduling Order was July 15, 2006.  Defendants oppose the amendment as untimely and argue that plaintiff did not act diligently in requesting leave to amend.

    Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings.  Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v.*

---

[1] Plaintiff must obtain leave of court to file an amended complaint because defendants answered the original pleading.  Fed.R.Civ.P. 15(a).

*Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"Lateness does not of itself justify the denial of the amendment." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006)(citing *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir.1975)). Instead, I focus on the reasons for the delay.[2] Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66; *see, also*, *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision"); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for

---

[2] The federal district court has required "good cause," under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts). If Rule 16(b)'s good cause requirement is met, the court then considers whether leave to amend should be permitted under Rule 15(a). *Pumpco, Inc.* v. *Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)(M.J. Boland).

In *Minter*, the Tenth Circuit declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements, in part, because of the "rough similarity" between the Rule 16(b) standard and the "undue delay analysis" under Rule 15. *Minter*, 451 F.3d at 1205 n.4.

some time prior to the filing of the motion to amend.")

Plaintiff alleges in his complaint that he entered into an oral agreement with defendant Jack Deal, the owner of defendant Alpha Omega Enterprises, in August 2004, whereby plaintiff would serve as Alpha Omega's Director of Sales, in exchange for a fifty percent ownership interest in Alpha Omega, which plaintiff would purchase by investing a portion of his income in the company. Plaintiff claims that defendants breached the oral agreement and negligently represented that the contract terms would be honored.

Defendants claim in their March 2006 Answer that no agreement existed between plaintiff and the defendants. (Answer, ¶12) Defendants also assert the affirmative defense that there was no meeting of the minds regarding the terms of the proposed agreement. (Answer, ¶29)

Plaintiff states in the motion to amend that his breach of contract claim against defendants is based in large part upon an e-mail authored by defendant Jack Deal on June 14, 2004, in which Deal lists the material contract terms. (Plaintiff's Motion to Amend, Attachment 1). Plaintiff represents that when he deposed Jack Deal on August 22, 2006, he learned for the first time that Deal intended to claim at trial that the June 14, 2004 list of contract terms never took effect because plaintiff did not sign an agreement to purchase one half of the company. Plaintiff claims that this was plaintiff's first notice that defendants intended to repudiate the contract, or to claim that "it had no force and effect due to the non-occurrence of a contingency." (Motion to Amend, at 1)

To recover under a theory of quantum meruit (unjust enrichment), a plaintiff must show that: (1) the defendant received a benefit, (2) at the plaintiff's expense, (3) under

3

circumstances that would make it unjust for the defendant to retain the benefit without paying. *DCB Constr. Co. v. Central City Dev. Co.*, 965 P.2d 115, 118 (Colo.1998); *see, also Dudding v. Norton Frickey & Associates*, 11 P.3d 441, 444 (Colo. 2000)("Quantum meruit invokes an implied contract when the parties either have no express contract or have abrogated it . . . the doctrine arises out of the need to avoid unjust enrichment to a party even in the absence of an actual agreement to pay for the services rendered.") Unjust enrichment actions are equitable in nature. *Interbank Invs., L.L.C., v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1229-30 (Colo.App.2000).

Plaintiff should have known that he had an alleged basis for recovery in quantum meruit after the defendants filed their Answer in March 2006 asserting that no contract existed between the plaintiff and the defendants. However, I find that plaintiff at least makes a colorable argument that he was not aware of <u>all</u> the information supporting the proposed amendment until he deposed Jack Deal.

Notwithstanding, the most important factor in deciding a motion to amend the pleadings is whether the nonmoving party will be prejudiced. *Minter*, 451 F.3d at 1208; *see, also, United States v. Hougham*, 364 U.S. 310, 316 (1960)("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result"); *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir.1991)("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits")(internal quotation marks omitted)). Prejudice results when the amendment unfairly affects the opposing party's ability to defend. *Minter*,

451 F.3d at 1208 (internal citation and quotation omitted).

Here, the subject matter of the proposed amendment arises out of the same facts that support plaintiff's breach of contract claim, *see* Proposed Amended Complaint, and defendants have not otherwise demonstrated that the amendment will prejudice their ability to defend this action or prepare for trial. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir.1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"); *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"); *R.E.B., Inc.,* 525 F.2d at 751-52 (finding no prejudice when "[t]he amendments did not propose substantially different issues"). Accordingly, it is

**HEREBY ORDERED** that Plaintiff Jeff Patrick's Motion for Leave to Amend Complaint, and for Acceptance of Contemporaneously-Filed Amended Complaint, filed September 1, 2006, is **GRANTED**. It is

**FURTHER ORDERED** that Plaintiff Jeff Patrick's tendered Amended Complaint and Jury Demand shall be **filed this date**.

Dated October 17, 2006.

BY THE COURT:

s/ Michael J. Watanabe *for*
PATRICIA A. COAN
United States Magistrate Judge