IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00237-REB-PAC

JEFF PATRICK,

    Plaintiff,

v.

JACK DEAL, and
ALPHA-OMEGA ENTERPRISES,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

This is a breach of contract/negligent misrepresentation action arising under the court's diversity jurisdiction, 28 U.S.C. §1332.  The case has been referred to the undersigned for pretrial management.  The matter before the court at this time is Plaintiff Jeff Patrick's Second Motion for Leave to Amend Complaint, and for Acceptance of Contemporaneously-Filed Second Amended Complaint, filed October 31, 2006.  Plaintiff seeks leave of court to amend his complaint to add a claim of promissory estoppel.

Fed.R.Civ.P. 15(a) provides for amendment of pleadings "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)(citing *Foman*, 371 U.S. at 182).

Plaintiff generally alleges in his amended complaint that he entered into an oral agreement with defendant Jack Deal, the owner of defendant Alpha Omega Enterprises, in August 2004, whereby plaintiff would serve as Alpha Omega's Director of Sales, in exchange for a fifty percent ownership interest in Alpha Omega, which plaintiff would purchase by investing a portion of his income in the company. Plaintiff claims that defendants breached the oral agreement and negligently represented that the contract terms would be honored. Plaintiff claims, in the alternative, that he is entitle to recover under a theory of quantum meruit (unjust enrichment) because plaintiff rendered services to the defendants with the reasonable expectation that he would be paid the reasonable value of his services.[1]

Plaintiff now seeks leave of court to add a claim of promissory estoppel. Plaintiff argues that defendant will not be prejudiced by the amendment because the elements of promissory estoppel and his existing negligent misrepresentation claim are virtually identical and the facts supporting the claims are the same.[2]

Defendants oppose the amendment as untimely and argue that plaintiff did not act diligently in requesting leave to amend. Specifically, defendants maintain that plaintiff knew about the facts supporting the promissory estoppel claim at the time he filed his

---

[1] I granted plaintiff leave to file an amended complaint on October 17, 2006 to add the claim of quantum meruit. I found that plaintiff had raised a colorable argument that he did not know about all the facts supporting the new claim until he deposed defendant Jack Deal and that defendants would not be prejudiced by the amendment. *See* October 17, 2006 Order Granting Amendment of Complaint.

[2] Plaintiff alleges in his tendered second amended complaint that he "detrimentally relied on defendant Deal's promises by leaving his well-paying job at Bresnan Communications in 20004 . . . " (Second Amended Complaint, ¶31)

complaint in Arapahoe County District Court[3] in January 2006, but waited nine months to move to amend his pleading without sufficient explanation for the delay.

"Lateness does not of itself justify the denial of the amendment." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006)(citing *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir.1975)). Instead, I focus on the reasons for the delay. *Minter*, 451 F.3d at 1206.[4] Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Id.* (quoting *Frank*, 3 F.3d at 1365-66); *see, also*, *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision"); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."); *see, also, Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3rd Cir. 2006)("When a party fails to take advantage of previous opportunities to amend, without adequate

---

[3]Defendants removed the action to this court on February 10, 2006.

[4]I note that the deadline for amendment of pleadings in the May 24, 2006 Scheduling Order was July 15, 2006. The federal district court has required "good cause," under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts). If Rule 16(b)'s good cause requirement is met, the court then considers whether leave to amend should be permitted under Rule 15(a). *Pumpco, Inc.* v. *Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)(M.J. Boland).

In *Minter*, 451 F.3d at 1205 n.4, the Tenth Circuit declined to decide whether a party seeking to amend its pleadings after the Scheduling Order deadline must show "good cause" for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements, in part, because of the "rough similarity" between the Rule 16(b) standard and the "undue delay analysis" under Rule 15.

explanation, leave to amend is properly denied.")

Here, plaintiff admits that he knew all the facts supporting his promissory estoppel claim at the time he filed his original complaint because those same facts are alleged in support of his negligent misrepresentation claim. In addition, there is substantial overlap between the elements necessary to prove the two claims.[5] Moreover, plaintiff moved to amend his complaint on September 1, 2006 to add a claim of quantum meruit, but offers no explanation as to why he did not seek to add his claim of promissory estoppel at that time. Instead, plaintiff makes a vague and inadequate statement that after he received defendants' responses to his written discovery requests, plaintiff "became concerned about proving the `negligence' component of [his] negligent misrepresentation claim." Motion for Leave to Amend, at 1. Plaintiff states that he received the written discovery responses on September 20, 2006, after he filed his first motion to amend, but he does not represent that he learned any new information in those responses that was necessary to support the elements of a promissory estoppel claim.

---

[5]Under Colorado law, the elements of promissory estoppel are: "(1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) action or forbearance induced by that promise; and (3) the existence of circumstances such that injustice can be avoided only by enforcement of the promise." *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995).

In *First National Bank in Lamar v. Collins*, 616 P.2d 154 (Colo. App. 1980), the Colorado Court of Appeals adopted section 552 of the Restatement (Second) of Torts, which sets forth the elements of negligent misrepresentation as follows:

> (1) One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

I recommend finding that, under the circumstances, plaintiff has failed to provide the court with a satisfactory explanation for his delay in moving to amend his pleading to add a claim of promissory estoppel.  Accordingly, it is

**HEREBY RECOMMENDED** that Plaintiff Jeff Patrick's Second Motion for Leave to Amend Complaint, and for Acceptance of Contemporaneously-Filed Second Amended Complaint, filed October 31, 2006, be **DENIED**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated November 16, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge