IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00237-REB-PAC

JEFF PATRICK,

    Plaintiff,

v.

JACK DEAL, and
ALPHA-OMEGA ENTERPRISES,

    Defendants.

---

ORDER

---

O. Edward Schlatter, United States Magistrate Judge

This is a breach of contract/negligent misrepresentation action arising under the court's diversity jurisdiction, 28 U.S.C. §1332.  The matter before the court at this time is Defendants' and Counterclaimant's Motions with Respect to Experts Endorsed by Plaintiff (Doc. #43), filed December 14, 2006.  Defendants request an extension of the Scheduling Order deadlines so that the parties can designate certain experts and rebuttal experts and complete expert discovery.  Defendants also move to strike certain portions of the report filed by plaintiff's expert, William H, Vincent, C.P.A.

A.    <u>Extension of Scheduling Order Deadlines</u>

Pursuant to the Scheduling Order entered on May 24, 2006 (Doc. #16), the parties were required to designate experts and make Fed.R.Civ.P. 26(a)(2)(B) disclosures by September 15, 2006, and to designate rebuttal experts and make Rule 26(a)(2)(B) disclosures by October 15, 2006.  The expert discovery deadline was December 1, 2006.

(*Id.*)

The parties initially discussed jointly retaining a neutral forensic computer examiner to provide expert testimony. *See* Defendants' Motion, Ex. A. Plaintiff objected to defendants' proposed expert, however, and on November 15, 2006, filed his "Rebuttal Expert Disclosures" (Doc. #34) designating John T. Davis as his expert in the field of forensic computer examination.

Defendants argue that plaintiff's purported "rebuttal disclosure" is an untimely *initial* expert disclosure. Defendants do not move to strike the expert designation; instead, defendants ask the court to extend the expert disclosure deadline to allow them to file Defendants' Supplemental Expert Disclosures designating their own forensic computer examiner. *See* Proposed Expert Disclosures, attached to Defendants' Motion, as Ex. B. Plaintiff does not object to the requested relief so long as he is allowed thirty days to file a rebuttal expert report. Accordingly, it is

HEREBY **ORDERED** that the deadline for designating defendants' forensic computer examiner expert and for complying with the requirements of Fed.R.Civ.P. 26(a)(2) is extended to **January 5, 2007.** It is

**FURTHER ORDERED** that the deadline for plaintiff to designate a rebuttal expert and to comply with the requirements of Fed.R.Civ.P. 26(a)(2) is extended to **February 5, 2007.** It is

**FURTHER ORDERED** that the expert discovery deadline is extended to **March 5, 2007**.

B.   Motion to Strike Portions of Plaintiff's Expert's Report

Plaintiff endorsed William H. Vincent, C.P.A. to rebut the expert testimony of defendants' accounting expert, John Rogers, C.P.A. Defendants move to strike the second and third full paragraphs of page three of Mr. Vincent's report which contain Mr. Vincent's damages calculations for plaintiff. (Defendants' Motion, Ex. C) Defendants argue that the damages calculations are new evidence which should have been disclosed by the September 15, 2006 deadline.

"[R]ebuttal disclosures are those that relate to evidence that is `intended solely to contradict or rebut evidence on the same subject matter identified by another party [in its initial expert disclosures]." *Avocent Hunstville Corp. v. ClearCube Technology, Inc.*, 443 F.Supp.2d 1284, 1308 (N.D.Ala. 2006)(quoting Fed.R.Civ.P. 26(a)(2)(C)).

Defendants' expert, Mr. Rogers, opines in his report that "Mr. Patrick was well compensated in regard to the low revenues, and net losses that were realized by Alpha Omega on the Denver South Contract with the Comcast Cable Company (Comcast"), that Mr. Patrick was managing." (Plaintiff's Response, Ex. 3, at 1, ¶3) Mr. Rogers' opinion is based on the following:

> In 2004, Mr. Patrick was paid $67,781 by Alpha Omega even though Alpha Omega realized a $22,835 loss on the Denver South Contract. . . Accordingly, the total compensation received by Mr. Patrick in 2004 was approximately 88% of the total gross revenues that were earned by Alpha Omega on the Denver South contract for 2004.
>
> In 2005, Mr. Patrick was paid $30,939 by Alpha Omega even though Alpha Omega realized a $52,590 loss on the Denver South Contract . . . Accordingly, the total compensation received by Mr. Patrick in 2005 was approximately 500% of the

3

> total gross revenues that were earned by Alpha Omega on the Denver South Contract for 2005.  When the entire operations for Alpha Omega is considered in analyzing Mr. Patrick's compensation for 2005, we find that his compensation comprised 72.1% of the net income of the company . . . for that fraction of the tax year that he provided his services . . .

(*Id.* at pp. 2-3, at ¶3)

Plaintiff's expert, Mr. Vincent, contradicts Mr. Rogers' opinions that plaintiff was well compensated and that plaintiff's compensation was contingent on the profitability of the Denver South contract.  (Defendant's Motion, Ex. C, at 3, ¶1) Mr. Vincent then sets forth his damages calculations for plaintiff, pursuant to his understanding of the oral agreement between the parties, that plaintiff was to receive a 50% split of the net profits of Alpha Omega Enterprises.  (*Id.* at ¶¶2-3)

Defendant does not object to Mr. Vincent's rebuttal opinion that plaintiff's income for 2004 and 2005 should have been based on the profitability of the company's entire operations, and not restricted to the profitability of the Denver South contract.  Further, defendants have also tied plaintiff's 2005 income to the company's overall "net income." Defendant's expert has opined that the $30,939 in compensation plaintiff received for 2005 was 72.1% of Alpha Omega's net income for that portion of the tax year that plaintiff worked for the company.  Accordingly, Mr. Vincent has properly opined, in rebuttal, that plaintiff did not receive a "50% split of the net profits of the business," and explained his calculations to reach that conclusion.  It is

HEREBY **ORDERED** that Defendants' and Counterclaimant's Motions with Respect to Experts Endorsed by Plaintiff (Doc. #43), filed December 14, 2006, is **GRANTED IN**

**PART AND DENIED IN PART** as follows:

Defendants' motion to extend the Scheduling Order deadlines is **GRANTED** as set forth on p. 2 above.

Defendants' motion to strike specified portions of Report by Plaintiff's expert, William H. Vincent, C.P.A., is **DENIED.**

Dated January 5, 2007.

                                        BY THE COURT:

                                        s/ O, Edward Schlatter  
                                        O. EDWARD SCHLATTER  
                                        United States Magistrate Judge